## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| **JOHN CHAMBLEE**<br>835 Reynes St.<br>New Orleans, LA 70117,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**TERRAFORM POWER, INC.**<br>7550 Wisconsin Ave.<br>9th Floor<br>Bethesda, MD 20814<br>(Montgomery County),<br><br>**CARLOS DOMENECH ZORNOZA**<br>12500 Baltimore Ave.<br>Beltsville, MD 20705<br>(Prince George's County),<br><br>and<br><br>**ALEJANDRO HERNANDEZ**<br>1000 Louisiana St. #550<br>Houston, TX 77002,<br><br>Defendants. | **No.**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Chamblee ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC")

filings, wire and press releases published by and regarding TerraForm Power, Inc. ("TerraForm" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired TerraForm securities between May 7, 2015 and March 15, 2016, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      TerraForm owns and operates solar and wind generation assets serving utility, commercial, and residential customers. As of February 20, 2015, its portfolio consisted of solar and wind projects located in the United States, Canada, the United Kingdom, and Chile with an aggregate nameplate capacity of 1,507.3 megawatts.

3.      TerraForm was founded in 2014.  The Company was formerly known as SunEdison Yieldco, Inc. and changed its name to TerraForm Power, Inc. in May 2014. The Company is based in Bethesda, Maryland, and its stock trades on the NASDAQ under the ticker symbol "TERP."

4.      TerraForm's controlling shareholder is SunEdison, Inc. ("SunEdison"), and there is significant overlap between the management of TerraForm and SunEdison and SunEdison's other affiliates: Brian Wuebbels ("Wuebbels"), TerraForm's former Chief Executive Officer ("CEO"), has served as Chief Financial Officer ("CFO") and Executive Vice President of SunEdison since May 2012

and as SunEdison's Chief Administrative Officer since December 2014; Rebecca Cranna ("Cranna"), TerraForm's CFO, has served as SunEdison's Senior Vice President and CFO of Global Asset Management since 2014; and defendant Carlos Domenech Zornoza ("Domenech"), TerraForm's former CEO, served as Executive Vice President of SunEdison from November 2009 to January 2014, and has held management positions at other SunEdison affiliates, including SunEdison Capital, LLC and SunEdison LLC.

5.      On October 5, 2015, SunEdison filed a Form 8-K with the SEC announcing layoffs of 15% of its workforce and restructuring charges of $30 to $40 million for the third quarter of 2015 through the first quarter of 2016.  The following day, the *Wall Street Journal* reported that SunEdison had failed to make a required $400 million upfront payment for a roughly $700 million planned acquisition.  Through these and related disclosures, it quickly became apparent to the market that SunEdison was over-leveraged and lacked the cash to sustain its acquisition-driven, yield-co-dependent business model.  Several prominent hedge funds sold their SunEdison positions as analysts downgraded the stock.

6.      Throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies.  Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) TerraForm's Management Services Agreement with SunEdison exposed TerraForm to risks associated with SunEdison's internal financial controls and any deficiencies therein; (ii) consequently, TerraForm lacked effective internal financial controls; and (iii) as a result of the foregoing, TerraForm's public statements were materially false and misleading at all relevant times.

7.     On February 29, 2016, SunEdison announced that it was delaying the filing of its fiscal year 2015 Form 10-K with the SEC, citing "(1) the need to complete all tasks and steps necessary to finalize the annual financial statements and the other disclosures required to be included in that filing, and (2) ongoing inquiries and investigations by the Audit Committee . . . relating to allegations concerning the accuracy of SunEdison's anticipated financial position."   SunEdison stated that it expected to file its Form 10-K by March 15, 2016.

8.     On February 29, 2016, TerraForm also announced that it was delaying the filing of its fiscal year 2015 Form 10-K with the SEC and also expected to file the Form 10-K by March 15, 2016. TerraForm cited only "the need to complete all steps and tasks necessary to finalize the Company's annual financial statements and other disclosures required to be in the filing."

9.     On March 16, 2016, SunEdison announced a further delay in the filing of its Form 10-K beyond the extended due date of March 15, 2016, after "the identification by management of material weaknesses in its internal controls over financial reporting."

10.     On March 16, 2016, TerraForm also announced a further delay in the filing of its Form 10-K beyond the extended due date of March 15, 2016, after identifying material weaknesses in its internal controls over financial reporting.  TerraForm stated, in part:

> Due to our management services arrangement with SunEdison under the Management Services Agreement, our financial reporting and control processes rely to a significant extent on SunEdison systems and personnel. As a result, *if there are control deficiencies at SunEdison, including with respect to the systems we utilize, it is necessary for us to assess whether those deficiencies could affect our financial reporting* and, if so, address them to the extent necessary and appropriate prior to filing our Form 10-K.

(Emphasis added.)

11.     On this news, TerraForm stock fell $0.83, or 7.87%, to close at $9.72 on March 16, 2016.

12.     As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**JURISDICTION AND VENUE**

13.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

14.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

15.     Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b), as the Company is headquartered in this District.

16.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchanges.

**PARTIES**

17.     Plaintiff, as set forth in the attached Certification, acquired TerraForm securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

18.     Defendant TerraForm is incorporated in Delaware, and the Company's principal executive offices are located at 7550 Wisconsin Avenue, 9th Floor, Bethesda, Maryland 20814.

19. Defendant Domenech served as the Company's President and CEO from July 2014 until November 23, 2015.

20. Defendant Alejandro Hernandez ("Hernandez") served as the Company's CFO from September 17, 2014 until November 23, 2015.

21. The defendants described in ¶¶ 19-20 are sometimes hereinafter referred to as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

22. TerraForm owns and operates solar and wind generation assets serving utility, commercial, and residential customers. As of February 20, 2015, its portfolio consisted of solar and wind projects located in the United States, Canada, the United Kingdom, and Chile with an aggregate nameplate capacity of 1,507.3 megawatts.

23. TerraForm's controlling shareholder is SunEdison, and there is significant overlap between the management of TerraForm and SunEdison and SunEdison's other affiliates: Wuebbels has served as CFO and Executive Vice President of SunEdison since May 2012 and as SunEdison's Chief Administrative Officer since December 2014; Cranna has served as SunEdison's Senior Vice President and CFO of Global Asset Management since 2014; and defendant Domenech served as Executive Vice President of SunEdison from November 2009 to January 2014, and has held management positions at other SunEdison affiliates, including SunEdison Capital, LLC and SunEdison LLC.

### Materially False and Misleading Statements Issued During the Class Period

24. The Class Period begins on May 7, 2015, when TerraForm filed a quarterly report on Form 10-Q with the SEC announcing its financial and operating results for the quarter ended March 31,

2015 (the "Q1 2015 10-Q").  For the quarter, TerraForm reported a net loss of $28.12 million, or $0.57 per diluted share, on revenue of $70.52 million, compared to a net loss of $720,000 on revenue of $11.88 million for the same period in the prior year.

25.     In the Q1 2015 10-Q, TerraForm stated, in part:

*Management Services Agreement*

General and administrative affiliate costs represent costs incurred by SunEdison for services provided to the Company pursuant to the Management Services Agreement. Pursuant to the Management Services Agreement, SunEdison agreed to provide or arrange for other service providers to provide management and administrative services including legal, accounting, tax, treasury, project finance, information technology, insurance, employee benefit costs, communications, human resources, and procurement to the Company and its subsidiaries.

26.     The Q1 2015 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by the Individual Defendants, stating that the financial information contained in the Q1 2015 10-Q was accurate and disclosed any material changes to the Company's internal controls over financial reporting.

27.     On August 6, 2015, TerraForm filed a quarterly report on Form 10-Q with the SEC announcing its financial and operating results for the quarter ended June 30, 2016 (the "Q2 2015 10-Q"). For the quarter, TerraForm reported net income of $17.44 million, or $0.30 per diluted share, on revenue of $130.05 million, compared to a net loss of $13.20 million on revenue of $22.38 million for the same period in the prior year.

28.     In the Q2 2015 10-Q, TerraForm stated, in part:

*Management Services Agreement*

General and administrative affiliate costs represent costs incurred by SunEdison for services provided to the Company pursuant to the Management Services Agreement ("MSA"). Pursuant to the MSA, SunEdison agreed to provide or arrange for other service providers to provide management and administrative services including legal, accounting,

tax, treasury, project finance, information technology, insurance, employee benefit costs, communications, human resources, and procurement to the Company and its subsidiaries.

29.    The Q2 2015 10-Q contained signed certifications pursuant to SOX by the Individual Defendants, stating that the financial information contained in the Q2 2015 10-Q was accurate and disclosed any material changes to the Company's internal controls over financial reporting.

30.    On October 5, 2015, SunEdison filed a Form 8-K with the SEC announcing layoffs of 15% of its workforce and restructuring charges of $30 to $40 million for the third quarter of 2015 through the first quarter of 2016.  The following day, the *Wall Street Journal* reported that SunEdison had failed to make a required $400 million upfront payment for a roughly $700 million planned acquisition.  Through these and related disclosures, it quickly became apparent to the market that SunEdison was over-leveraged and lacked the cash to sustain its acquisition-driven, yield-co-dependent business model.  Several prominent hedge funds sold their SunEdison positions as analysts downgraded the stock.

31.    On November 9, 2015, TerraForm filed a quarterly report on Form 10-Q with the SEC announcing its financial and operating results for the quarter ended September 30, 2015 (the "Q3 2015 10-Q").  For the quarter, TerraForm reported a net loss of $820,000, or $0.36 per diluted share, on revenue of $163.29 million, compared to a net loss of $4.01 million, or $0.15 per diluted share, on revenue of $53.57 million for the same period in the prior year.

32.    In the Q3 2015 10-Q, TerraForm stated, in part:

*Management Services Agreement*

General and administrative affiliate costs represent costs incurred by SunEdison for services provided to the Company pursuant to the Management Services Agreement ("MSA"). Pursuant to the MSA, SunEdison agreed to provide or arrange for other service providers to provide management and administrative services including legal, accounting,

tax, treasury, project finance, information technology, insurance, employee benefit costs, communications, human resources, and procurement to the Company.

. . .

***Current Market Conditions Have Increased Certain of the Risks We Face.***

. . .

Risks that have increased as a result of these developments include, but are not limited to, risks related to access to capital and liquidity and risks related to the performance of third parties, including SunEdison, our controlling shareholder. We have significant relationships with, and in certain areas depend significantly on, SunEdison. In particular, SunEdison provides management and operational services and other support. Our growth strategy depends on our ability to identify and acquire additional renewable facilities from SunEdison (including Call Right Projects) and unaffiliated third parties. We interact with or depend on SunEdison for many third party acquisition opportunities, including through the joint purchase of certain companies, and for operations and maintenance support on various pending and completed transactions. As a result, our financial and operating performance and prospects, including our ability to grow our dividend per share, may be affected by the performance, prospects, and priorities of SunEdison, and material adverse developments at SunEdison or changes in its strategic priorities may materially affect our business, financial condition and results of operations.

33.     The Q3 2015 10-Q contained signed certifications pursuant to SOX by the Individual Defendants, stating that the financial information contained in the Q3 2015 10-Q was accurate and disclosed any material changes to the Company's internal controls over financial reporting.

34.     On November 23, 2015, TerraForm's parent company, SunEdison, announced that it had terminated defendants Domenech and Hernandez and appointed Wuebbels as TerraForm's CEO and Cranna as TerraForm's CFO.

35.     The statements referenced in ¶¶ 24-33 were materially false and misleading because defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) TerraForm's Management Services

Agreement with SunEdison exposed TerraForm to risks associated with SunEdison's internal financial controls and any deficiencies therein; (ii) consequently, TerraForm lacked effective internal financial controls; and (iii) as a result of the foregoing, TerraForm's public statements were materially false and misleading at all relevant times.

## **The Truth Emerges**

36.     On February 29, 2016, SunEdison announced that it was delaying the filing of its fiscal year 2015 Form 10-K with the SEC, citing "(1) the need to complete all tasks and steps necessary to finalize the annual financial statements and the other disclosures required to be included in that filing, and (2) ongoing inquiries and investigations by the Audit Committee . . . relating to allegations concerning the accuracy of SunEdison's anticipated financial position."   SunEdison stated that it expected to file its Form 10-K by March 15, 2016.

37.     On February 29, 2016, TerraForm also announced that it was delaying the filing of its fiscal year 2015 Form 10-K with the SEC and also expected to file the Form 10-K by March 15, 2016. TerraForm cited only "the need to complete all steps and tasks necessary to finalize the Company's annual financial statements and other disclosures required to be in the filing."

38.     On March 16, 2016, SunEdison announced a further delay in the filing of its Form 10-K beyond the extended due date of March 15, 2016, after "the identification by management of material weaknesses in its internal controls over financial reporting."

39.     On March 16, 2016, TerraForm also announced a further delay in the filing of its Form 10-K beyond the extended due date of March 15, 2016, after identifying material weaknesses in its internal controls over financial reporting.  TerraForm stated, in part:

> Due to our management services arrangement with SunEdison under the Management Services Agreement, our financial reporting and control processes rely to a significant

extent on SunEdison systems and personnel. As a result, ***if there are control deficiencies at SunEdison, including with respect to the systems we utilize, it is necessary for us to assess whether those deficiencies could affect our financial reporting*** and, if so, address them to the extent necessary and appropriate prior to filing our Form 10-K.

(Emphasis added.)

40.     On this news, TerraForm stock fell $0.83, or 7.87%, to close at $9.72 on March 16, 2016.

41.     As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired TerraForm securities during the Class Period (the "Class"), and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are defendants herein; the officers and directors of the Company, at all relevant times; members of their immediate families; and their legal representatives, heirs, successors or assigns and any entity in which any defendant has or had a controlling interest.

43.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, TerraForm securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by TerraForm or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

44.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

45.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

46.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of TerraForm;

- whether the Individual Defendants caused TerraForm to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of TerraForm securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

47.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of

individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

48.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- TerraForm securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold TerraForm securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

49.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

50.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Against All Defendants for Violations of
### Section 10(b) and Rule 10b-5 Promulgated Thereunder)

51.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

52.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

53.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of TerraForm securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire TerraForm securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

54.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the

market for TerraForm securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about TerraForm's finances and business prospects.

55.     By virtue of their positions at TerraForm, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.  Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

56.     Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers of TerraForm, the Individual Defendants had knowledge of the details of TerraForm's internal affairs.

57.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of TerraForm.  As officers of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to TerraForm's business, operations, future financial condition and future prospects.  As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of TerraForm securities was artificially inflated throughout the Class Period.  In ignorance of the adverse facts concerning

TerraForm's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired TerraForm securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

58.     During the Class Period, TerraForm securities were traded on an active and efficient market.  Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of TerraForm securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of TerraForm securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of TerraForm securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

59.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

60.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the
### Exchange Act Against the Individual Defendants)

61.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62.     During the Class Period, the Individual Defendants participated in the operation and management of TerraForm, and conducted and participated, directly and indirectly, in the conduct of TerraForm's business affairs.   Because of their senior positions, they knew the adverse non-public information about TerraForm's lack of effective internal financial controls and false financial statements.

63.     As officers of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to TerraForm's financial condition and results of operations, and to correct promptly any public statements issued by TerraForm which had become materially false or misleading.

64.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which TerraForm disseminated in the marketplace during the Class Period concerning TerraForm's results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause TerraForm to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of TerraForm within the meaning of Section 20(a) of the Exchange Act.   In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of TerraForm securities.

65.     Each of the Individual Defendants, therefore, acted as a controlling person of TerraForm. By reason of their senior management positions at TerraForm, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, TerraForm to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of TerraForm and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

66.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by TerraForm.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

2122529.1

## DEMAND FOR TRIAL BY JURY

      Plaintiff hereby demands a trial by jury.

Dated:  April 4, 2016                Respectfully submitted,

                                      **COHEN MILSTEIN SELLERS & TOLL
PLLC**

                                      /s/ Daniel S. Sommers
Steven J. Toll (Maryland Bar No. 15824)
Daniel S. Sommers (Maryland Bar No. 15822)
S. Douglas Bunch
1100 New York Avenue N.W.
East Tower, Suite 500
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699
Email: stoll@cohenmilstein.com
          dsommers@cohenmilstein.com
          dbunch@cohenmilstein.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Marc Gorrie
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
          ahood@pomlaw.com
          mgorrie@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ
    & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email:  peretz@bgandg.com

***Attorneys for Plaintiff***

### CERTIFICATION PURSUANT
### TO FEDERAL SECURITIES LAWS

1.  I, ___John William Chamblee___, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.  I have reviewed a Complaint against TerraForm Power, Inc. ("TerraForm" or the "Company") and, authorize the filing of a comparable complaint on my behalf.

3.  I did not purchase or acquire TerraForm Power securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.  I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired TerraForm Power securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in TerraForm Power securities during the Class Period as specified in the Complaint.

6.  During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.  I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Executed ___3/23/2016___
                (Date)

_____
                (Signature)

Will Chamblee
_____
            (Type or Print Name)

**TERRAFORM POWER INC. (TERP)**                                                    **Chamblee, John William**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|------|------------------|-------------------|-----------------|
| 02/18/2016 | Purchase | 1 | $7.6600 |
| 02/18/2016 | Purchase | 2 | $7.5400 |
| 02/26/2016 | Purchase | 2 | $8.1499 |
| 03/02/2016 | Purchase | 10 | $9.1100 |
| 03/07/2016 | Purchase | 9 | $9.7900 |
| 03/09/2016 | Purchase | 5 | $10.5499 |
| 03/09/2016 | Purchase | 19 | $10.6700 |
| 03/14/2016 | Purchase | 50 | $10.0500 |
| 03/14/2016 | Purchase | 48 | $10.0900 |
| 03/14/2016 | Purchase | 8 | $10.0900 |
| 02/22/2016 | Sale | 1 | $8.8501 |
| 02/25/2016 | Sale | 1 | $8.3901 |
| 02/29/2016 | Sale | 2 | $9.4901 |