IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN CHAMBLEE, Individually and
on behalf of others similarly situated,

    Plaintiff,

v.                                       Civil Action No. PX 16-981

TERRAFORM POWER, INC. et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Putative class member, John Chamblee, instituted the following class action against Defendants TerraForm Power, Inc., Carlos Domenech Zornoza and Alejandro Hernandez (collectively "the Defendants"), alleging violations of federal securities laws. ECF No. 1. Pending before the Court is the Notice and Motion by Clemens Schlettwein and Jerome Spindler (collectively, "the Movants") for Appointment as Lead Co-Plaintiffs and Approval of Counsel. ECF No. 42. To date, the Motion remains unopposed.

On July 6, 2016, the Court requested additional information from Movants regarding the instant Motion and then held a hearing on July 28, 2016 regarding the same. For the following reasons, the Court grants the Motion to appoint Schlettwein and Spindler as lead co-plaintiffs and their motion to approve Pomerantz LLP as lead counsel and Cohen Millstein Sellers & Toll, PLLC as liaison counsel.

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*, governs the selection of lead plaintiffs tasked with overseeing class actions alleging violations of federal securities laws. More specifically, the PSLRA requires that within 20 days

1

of filing the complaint, the initial plaintiff publish a notice "in a widely circulated, national business-oriented publication or wire service" advising potential members of the plaintiff class about the pendency of the action, the claims, the class period, and that within 60 days thereafter, any member of the class may move to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

Should a class member so move, the PSLRA directs that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the chapter is the person or group of persons that . . . has either filed the complaint or made a motion in response to a notice" and "in the determination of the court, has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Finally, the PSLRA provides that the lead plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Here, Chamblee published notice of the filing on April 4, 2016, in Globe Newswire, a Nasdaq-owned internet-based business news service that disseminated via internet the advisement that all putative class members had sixty days to move for appointment as lead plaintiff and approval of their selection as lead counsel. ECF No. 32-1.  Only two putative class members, Schlettwein and Spindler, moved for appointment as co-lead plaintiffs. Aggregation of putative class members is permitted under the PLSRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also Klugman v. American Capital, Ltd.* PJM 09-5, 2009 WL 2499521, (D. Md. Aug 13, 2009) at *3. Schlettwein and Spindler have both certified to purchasing 3000 and 1000 shares respectively, with an estimated loss of $63,148 as a result of the alleged violations.  Collectively,

Schlettwein and Spindler have suffered the largest loss as compared to the only other class member who initiated the action, the named plaintiff Chamblee.

Considered together, Schlettwein and Spindler retain the largest financial interest in the outcome of the litigation as putative class members seeking timely appointment as lead plaintiff. *See, e.g.*, *Miraglia v. Human Genome Sciences*, No. RWT 11-03231, 2012 WL 987502, (D. Md. Mar. 22, 2012) at *4 (appointing the "only putative class member who timely sought appointment" as having the largest financial interest).

Further, Schlettwein and Spindler have made a *prima facie* showing that they meet the typicality and adequacy requirements under Rule 23 of the Federal Rules of Civil Procedure. *See In re USEC Securities Litigation*, 168 F. Supp. 2d 560 (D. Md. 2001) ("A wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for the Court's later consideration of a motion for class certification."); *see also Clair v. DeLuca*, 232 F.R.D. 219, 225, 226 (W.D. Pa. 2005) (requiring only a *prima facie* showing that Rule 23 requirements are met). Schlettwein and Spindler's claims are typical of the class in that they allege harms caused by Defendants' purported false or misleading statements and omissions during the class period when plaintiffs purchased TerraForm Power stock at artificially inflated prices. ECF Nos. 1, 38-2, 38-3.

Schlettwein and Spindler have further demonstrated that they will "fairly and adequately protect the interests of the class," and "ensure vigorous advocacy," *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). "Ideally, courts will appoint institutional investors with large holdings in the stock as lead plaintiff," given their "incentives to monitor their suits closely because of their substantial stakes in the stock at issue, thereby eliminating frivolous tactics and settlements that inflate attorneys' fees." *Haung v. Acterna Corp.*, 220 F.R.D. 255, 258 (D. Md.

2004) (quoting *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1066 (C.D. Cal. 1999)). However here, no institutional investors have come forward. Additionally, Schlettwein and Spindler have demonstrated that they are experienced investors. Mr. Spindler is a retired Chief Executive Officer of a home furnishing business who has been investing since 1963, and Mr. Schlettwein has been investing for more than 20 years and is the founder and President of a non-profit foundation for the protection of animals. ECF No. 44 at 3. Both have also certified under oath that they will serve as a representative party of the class.  ECF No. 38-2. Finally, their collective losses of over $60,000 provide adequate incentive to prosecute this case on behalf of the class, and no evidence exists that their interests are antagonistic to the class in any regard. Schlettwein and Spindler have also chosen experienced class counsel familiar with prosecuting securities class actions.

      Accordingly, it is hereby ORDERED that

1. Schlettwein and Spindler are appointed lead co-plaintiffs in this case, and that Pomerantz LLP are Lead Counsel with Cohen Millstein Sellers & Toll as Liaison Counsel.
2. Plaintiffs' Lead Counsel shall be responsible for the following:
    (a) to coordinate the briefing and argument of motions;
    (b) to coordinate and conduct discovery proceedings;
    (c) to coordinate the examination of witnesses in depositions;
    (d) to coordinate the selection of counsel to act as spokesperson at pretrial conferences;
    (e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;
    (f) to coordinate all settlement negotiations with counsel for defendants;

    (g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial in this matter and to delegate work responsibilities to selected counsel as my be required; and

    (h) to supervise any other matters concerning the prosecution, resolution or settlement in the Action.

3. No motion, request for discovery or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

4. Counsel in any related action that is consolidated with this Action shall be bound by this organization of plaintiffs' counsel.

5. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

6. Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

7. Defendants shall effect service of papers on plaintiffs by serving a copy of the same on Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

8. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which

may lead to the discovery of information relevant to the subject matter of the pending litigation.

9. By **September 26, 2016**, Lead Co-plaintiffs will file a Consolidated Amended Complaint.

10. By **November 25, 2016**, Defendants will file their Motion to Dismiss.

11. By **January 24, 2017**, Lead Co-plaintiffs will file their Response.

12. By **February 23, 2017,** Defendants will file their Reply.

So ORDERED.

 7/28/2016                                                                              /S/
Date                                                        PAULA XINIS
                                                            United States District Judge